Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| YASHIRA MARIE TORRES RODRÍGUEZ<br><br>Apelante<br><br>v.<br><br>JESÚS LORENZO RAMOS ALICEA<br><br>Apelado | KLAN202401046 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Humacao<br><br>Caso Núm.: HU2020CV00123<br><br>Sobre: Liquidación de comunidad de bienes |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos

Rivera Marchand, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 10 de febrero de 2025.

Comparece Yashira Marie Torres Rodríguez (señora Torres Rodríguez o apelante) y nos solicita la revocación de la *Sentencia Final,* notificada el 25 de octubre de 2024, por el Tribunal de Primera Instancia, Sala Superior de Humacao (TPI o foro primario). En esta, el foro primario adjudicó, por la vía sumaria, la causa sobre liquidación de la comunidad de bienes compuesta por ella y el señor Jesús Lorenzo Ramos Alicea (señor Ramos Alicea o apelado).

Por los fundamentos que exponemos a continuación, confirmamos el dictamen apelado. Veamos.

**I.**

El 28 de enero de 2020, la señora Torres Rodríguez instó una *Demanda de Liquidación y División de Comunidad de Bienes* en contra del señor Ramos Alicea. En ella expuso que, las partes convivieron como pareja de hecho por más de trece (13) años y procrearon una hija, nacida el 9 de abril de 2013. Sostuvo que, durante dicha relación, las partes adquirieron bienes muebles y el

negocio Scuderia Chamuko Paint Shop. Adujo que, ambos contribuyeron con esfuerzo, trabajo, labor e industria para capitalizar el negocio y comenzar operaciones, así como, para acumular una masa en común, dentro de una comunidad de bienes ordinaria. Suplicó al TPI ordenar la formación del inventario y la tasación de los bienes de la comunidad. En particular, solicitó el pago de seis mil dólares ($6,000.00) mensuales, correspondiente a los ingresos del negocio Scuderia Chamuko Paint Shop, y una orden de embargo y prohibición de enajenación de los bienes de la comunidad, incluyendo la cuenta de cheques del negocio pendiente la liquidación final.[1]

El señor Ramos Alicea acreditó su *Contestación a demanda* el 6 de marzo de 2020.[2] En esta, reconoció la relación de concubinato habida entre las partes. Sin embargo, negó la existencia de una comunidad de bienes sujeta a liquidación. A esos efectos, instó una reconvención en la cual indicó que él era quien cubría todos los gastos de la señora Torres Rodríguez. En particular sostuvo que, la señora Torres Rodríguez le adeuda $20,000.00 por concepto de los costos de sus estudios de derecho. El 9 de marzo de 2020, la apelante acreditó una *Réplica a contestación a demanda y réplica a reconvención* en la cual reiteró sus alegaciones y negó lo expuesto en la reconvención.[3]

Superados los incidentes preliminares del litigio que resultan innecesarios pormenorizar, la apelante presentó una *Moción en solicitud de sentencia sumaria parcial*. Como parte de sus treinta y cuatro (34) propuestas de hechos incontrovertidos, incluyó una lista de los bienes sujetos a división y liquidación. Basado en lo antes,

---

[1] Apéndice, págs. 20-60. Junto a la demanda incluyó lo siguiente: Anejo 1- Transacciones efectuadas de la señora Torres Rodríguez ascendentes a $15,000.00.
[2] Apéndice, págs. 61-63.
[3] Apéndice, págs. 489-496.

suplicó al foro primario dictar sentencia a su favor y desestimar la reconvención incoada en su contra.[4]

Por su parte, el señor Ramos Alicea acreditó su oposición al petitorio sumario, y a su vez, solicitó al TPI dictar una sentencia sumaria parcial a su favor. En su moción, el apelado admitió algunas de las propuestas de hechos presentadas por la apelante y negó las restantes.[5] Arguyó que, la apelante no aportó al negocio, por lo que no tiene derecho a pago alguno por dicho concepto. Resaltó que, de la evidencia documental surge que, durante la relación entre las partes siempre dividieron las cuentas y separaron los gastos. A esos efectos sostuvo que, las partes no crearon una comunidad de bienes. Por ello, solicitó al TPI que declarara ha lugar su petitorio sumario.[6]

---

[4] Apéndice, pág. 64-294. Junto a su petitorio, incluyó los siguientes documentos: Anejo 1-Evidencia de aportaciones económicas de la señora Torres Rodríguez; Anejo 2-Estado bancario de la cuenta 633-346813 del señor Ramos Alicea; Anejo 3-Estado bancario de la cuenta 307-251791 del señor Ramos Alicea DBA Scuderia Chamuko; Anejo 4-Declaración jurada suscrita por la señora Torres Rodríguez el 30 de junio de 2021; Anejo 5-Correos electrónicos; Anejo 6-Evidencia de Excensión IVU Municipal Scuderia Chamuko; Anejo 7-Declaración Jurada suscrita por Ángel Rafael González Pujols del 27 de julio de 2021; Anejo 8-Declaración Jurada suscrita por Celenia Altagracia Rodríguez Rodríguez del 27 de julio de 2021; Anejo 9-Evidencia de préstamos personales de la señora Torres Rodríguez; Anejo 10-Evidencia de ingreso de la señora Torres Rodríguez; Anejo 11-Declaración jurada suscrita por Mariluz Rodríguez López del 29 de julio de 2021; Anejo 12-Declaración jurada suscrita por Joseph Torres Rodríguez del 30 de julio de 2021; Anejo 13-Capturas de pantalla de WhatsApp; Anejo 14-Declaración sobre volumen de negocio de 2018; Anejo 15-Minuta de la vista celebrada el 12 de marzo de 2020 en el caso número HU2020CV00123; Anejo 16-*Moción informativa y en reacción a moción urgente en solicitud de orden y otros extremos* presentada por el señor Ramos Alicea, el 16 de junio de 2021; Anejo 17-Declaración jurada suscrita por Diana Marie Almodóvar del 30 de julio de 2021; Anejo 18-Declaración jurada suscrita por Joseph Torres Durán del 29 de julio de 2021; Anejo 19-Recibos de Sams y Walmart; Anejo 20-Toma de Deposición de Jesús L. Ramos Alicea; Anejo 21-Continuación toma de deposición de Jesús L. Ramos Alicea; Anejo 22-Captura de la red social Facebook; Anejo 23-*Contestaciones Tercer Requerimiento de* Admisiones suscrito por el señor Ramos Alicea; y Anejo 24-Contrato Personal suscrito por el señor Ramos Alicea y la señora Torres Rodríguez.

[5] En su discusión sobre las propuestas de hechos incontrovertidos presentados por la señora Torres Rodríguez señaló como admisibles los hechos números: 1, 2 (admitió sólo la ubicación del negocio, el resto lo negó, 4 (sólo admitió que la señora Torres Rodríguez compró los muebles de la sala), 15 (admitió lo citado en la *Minuta*, pero negó que exista una comunidad de bienes, 17 (sólo admitió que la señora Torres Rodríguez compró los muebles de la sala porque el resto lo adquirió el señor Ramos Alicea, 22 (admitió que la señora Torres Rodríguez sufragó los gastos de los préstamos y los ingresos de su empleo, pero el señor Ramos Alicea alegó que la ayudó con los gastos de estudios universitarios, 23, 26, 27 y 31. Por existir controversia, el señor Ramos Alicea negó los hechos números: 3, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 16, 18, 19, 20, 21, 24, 25, 28 , 29, 30, 32, 33 y 34.

[6] Apéndice, pág. 295-484. Junto a su moción presentó los siguientes documentos: Anejo 1-Requerimiento de Admisiones dirigido a Jesús Lorenzo Ramos Alicea; Anejo 2-Toma de Deposición de Jesús Lorenzo Ramos Alicea.

En reacción, el 5 de julio de 2024, la apelante presentó una *Breve réplica a moción oposición a "Moción en solicitud de sentencia sumaria parcial" y en Solicitud de sentencia sumaria parcial a favor del demandado.*[7] Planteó que, la evidencia presentada demostraba la existencia de una comunidad de bienes. Ello, en la medida que, realizó aportaciones económicas y contribuyó mediante su esfuerzo, trabajo y cooperación común al negocio.

Evaluados los escritos de las partes, junto a los documentos anejados y el derecho aplicable, el foro primario emitió una *Sentencia Final.* En esta consignó las siguientes quince (15) determinaciones de hechos:

1. La demandante y el demandado convivieron como pareja de hecho aproximadamente por trece años y medio (relación consensual).
2. El Negocio Scuderia Chamuko Paint Shop fue establecido para el año 2016 y se dedica a la venta de materiales de hojalatería y pintura.
3. Los bienes muebles del juego de sala y mueble de[l] televisor fueron adquiridos por la parte demandante.
4. La parte demandante sufragó sus estudios universitarios, maestría y [sic] de la facultad de Derecho con préstamos estudiantiles y con los ingresos de los trabajos que tenía a tiempo parcial.
5. Los gastos personales de la demandante eran cubiertos con sus ingresos de múltiples trabajos a tiempo parcial desde el año 2000.
6. Durante el tiempo de los estudios universitarios y de Maestría de la demandante ésta trabajaba a tiempo parcial con el Dr. Ángel R. González Pujols, por lo que generaba ingresos propios y costeaba sus gastos personales. Durante el tiempo que estudi[ó] en la Facultad de Derecho trabajaba a tiempo parcial con la Dra. Minela Colón Santos, por lo que generaba ingresos propios y costeaba sus gastos personales.
7. La demandante trabajaba a tiempo parcial, estudiaba a tiempo completo y cuidaba a su hija en conjunto con el demandado.
8. La fuente de ingresos del demandado, Jesús Lorenzo Ramos Alicea, luego de la creación del Negocio Scuderia Chamuko Paint Shop fueron los ingresos de las ventas de este negocio.
9. La parte demandante no aportó dinero al negocio Scuderia Chamuko Paint Shop.
10. La demandante, en calidad de préstamo, le prestó al demandado la cantidad de $15,000.00.
11. El 21 de octubre de 2016 las partes firmaron un documento titulado "CONTRATO PERSONAL". En el mismo se refleja que:
a) la demandante firma el mismo y se identifica a sí misma como "Acreedora";
b) el demandado firma y se identifica como "Deudor";
c) certifican que el demandado recibió de la demandante la cantidad de $5,000.00 en concepto de préstamo;

---

[7] Apéndice, págs. 485-488.

d) se indica que la cantidad prestada fue depositada en la cuenta del negocio;

e) el dinero fue adquirido por un préstamo en carácter personal del Dr. Ángel R[.] González Pujols;

f) el demandado afirma que "[e]l préstamo será utilizado para materiales y equipo de mi negocio Scuderia Chamuko"[;]

[g] el demandado se compromete a pagar el préstamo en un término que no puede exceder de un año.

12. El 1 de noviembre de 2016 las partes firmaron un documento titulado "CONTRATO PERSONAL". En el mismo se refleja que:

a) la demandante firma el mismo y se identifica a sí misma como "Acreedora";

b) el demandado firma y se identifica como "Deudor";

c) certifican que el demandado recibió de la demandante la cantidad de $10,000.00 en concepto de préstamo;

d) la cantidad de $10,000.00 que la demandante prestó al demandado la obtuvo de un préstamo estudiantil "Graduate PLUS Loans";

e) se indica que la cantidad prestada fue distribuida escalonadamente;

f) el demandado afirma que "[e]l préstamo será utilizado para materiales y equipo de mi negocio Scuderia Chamuko"[;]

g) el demandado se compromete a pagar el préstamo en un término que no puede exceder de un año.

13. Las intervenciones y/o gestiones que hizo la parte demandante con relación al negocio eran escasas y en calidad de ayuda a quien era su pareja consensual en ese momento.

14. El demandado declaró en su deposición que, en muy contadas ocasiones, la parte demandante lo ayudó a limpiar o recoger la basura. De igual manera declaró que una que otra vez lo ayudó con las planillas del IVU en SURI cuando no consiguió al contable de forma rápida. Específicamente, en su deposición, el demandado declaró que la demandante lo ayudó con las planillas del IVU, pero en muy pocas ocasiones porque el negocio tenía su contable.

15. De la prueba presentada por la parte demandante, en específico los mensajes de texto ("WhatsApp"), se desprende que esta mantenía total separación entre los gastos de las partes, de la menor y el negocio. En particular, surge que los gastos incurridos por la demandante se los cobraba de inmediato al demandado. (Notas omitidas.)[8]

Sobre dichas bases, el foro primario determinó que no existe evidencia alguna que demuestre la existencia de una comunidad de bienes. Concluyó que, la prueba refleja la intención inequívoca de las partes para mantener una total separación de sus gastos, los gastos de la menor y del negocio, respectivamente. En cuanto a los bienes muebles determinó que, solo la nevera, el juego de sala, el mueble del televisor y la lavadora fueron adquiridos por la apelante durante la relación. En su consecuencia, declaró ha lugar la solicitud de sentencia sumaria, a favor del señor Ramos Alicea y

---

[8] Apéndice, págs. 4-5.

ordenó la desestimación de la demanda de epígrafe, por no existir una comunidad de bienes entre las partes que justifique la división o liquidación solicitada. Con relación a la reconvención, el TPI determinó que, ante la falta de evidencia para sustentar la reclamación, declaró no ha lugar a la reconvención y ordenó la desestimación de dicha causa.

Insatisfecha, la apelante acude ante esta Curia y señala la comisión de los siguientes errores:

> Erró el Tribunal de Primera Instancia en desestimar la demanda de liquidación de comunidad de bienes por alegadamente no existir una comunidad de bienes entre las partes que amerite división o liquidación a pesar de la basta evidencia presentada en la solicitud de sentencia sumaria parcial que demuestra todo lo contrario.

> Erró el Tribunal de Primera Instancia al declarar ha lugar la solicitud de sentencia sumaria a favor de la parte apelada cuando esta parte estaba obligada a cumplir con la Regla 36.3(B) de Procedimiento Civil y con nuestro ordenamiento jurídico, y no lo hizo.

> Erró el Tribunal de Primera Instancia al declarar ha lugar la solicitud de sentencia sumaria a favor de la parte apelada cuando la oposición a la MSS presentada por el apelado debe de tenerse por no puesta porque no cumple con las disposiciones de la Regla 36.3(B)(2) que requiere "una relación concisa y organizada" de los hechos que alegadamente están en controversia y la "enumeración de los hechos" que la parte alega no están en controversia.

> Erró el Tribunal de Primera Instancia al aplicar incorrectamente el derecho aplicable a la liquidación de comunidad de bienes en su Sentencia Final emitida.

Por su parte, el apelado instó su *Alegato de Apelación*, el 18 de diciembre de 2024. Con el beneficio de las posturas de las partes, procedemos a resolver.

## II.

### A. Sentencia Sumaria

El mecanismo de sentencia sumaria está codificado en la Regla 36 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 36. *Jiménez Soto y otros v. Carolina Catering Corp. y otros,* 2025 TSPR

3, resuelto el 14 de enero de 2025. Cabe señalar que, esta herramienta permite a los tribunales disponer, parcial o totalmente, de litigios civiles en aquellas situaciones en las cuales no existe duda sobre los hechos esenciales y se cuenta con la evidencia necesaria, de manera que, solo resta aplicar el derecho. *Íd.*; *Consejo de Titulares del Condominio Millennium v. Rocca Development Corp., et als.*, 2025 TSPR 6, resuelto el 15 de enero de 2025. Este cauce sumario -invocable tanto por la parte reclamante como por quien se defiende de una reclamación- resulta beneficioso para el tribunal y para las partes, pues agiliza el proceso judicial mientras, simultáneamente, provee a los litigantes un mecanismo procesal encaminado a alcanzar un remedio justo, rápido y económico. *Jiménez Soto y otros v. Carolina Catering Corp. y otros,* supra.

Como se sabe, procede dictar sentencia sumaria si se desprende de las alegaciones, deposiciones, declaraciones juradas, contestaciones a interrogatorios, admisiones ofrecidas, entre otros, que no existe controversia real sustancial sobre un hecho esencial y pertinente, y siempre que el derecho aplicable así lo justifique. *Consejo de Titulares del Condominio Millennium v. Rocca Development Corp., et als.,* supra. De manera que, en aras de prevalecer en una reclamación, la parte promovente debe presentar prueba incontrovertible sobre todos los elementos indispensables de su causa de acción. *Banco Popular de Puerto Rico v. Cable Media of Puerto Rico, Inc. y otro,* 2025 TSPR 1, resuelto el 7 de enero de 2025.

Nuestro ordenamiento civil y su jurisprudencia interpretativa impone unos requisitos de forma con los cuales hay que cumplir al momento de presentar una solicitud de sentencia sumaria, a saber: (1) una exposición breve de las alegaciones de las partes; (2) los asuntos litigiosos o en controversia; (3) la causa de acción sobre la cual se solicita la sentencia sumaria; (4) una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales

y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal; (5) las razones por las cuales se debe dictar la sentencia, argumentando el derecho aplicable, y (6) el remedio que debe ser concedido. *Oriental Bank v. Caballero García,* 212 DPR 671, 679 (2023). Véase, además, la Regla 36.3 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3. Si el promovente de la moción incumple con estos requisitos, "el tribunal no estará obligado a considerar su pedido". *Meléndez González et al. v. M. Cuebas,* 193 DPR 100, 111 (2015).

Además, el promovente de una solicitud de sentencia sumaria ha de acompañar su petitorio con prueba de la cual surja preponderantemente la ausencia de controversias sobre los hechos medulares del caso. *Birriel Colón v. Supermercado Los Colobos (Econo Rial, Inc.) e Integrand Assurance Company*, 2023 TSPR 120, resuelto el 3 de octubre de 2023. Es un hecho medular el que puede afectar el resultado de la reclamación, conforme al derecho sustantivo aplicable. *Banco Popular de Puerto Rico v. Cable Media of Puerto Rico, Inc. y otro,* supra.

Cabe destacar que, la parte que desafía una moción de sentencia sumaria no puede descansar en las aseveraciones o negaciones consignadas en su alegación. *Íd.*; *León Torres v. Rivera Lebrón,* 204 DPR 20, 43 (2020). Por el contrario, la Regla 36.3(c) de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(c), obliga a quien se opone a que se declare con lugar esta solicitud a enfrentar la moción de su adversario de forma tan detallada y específica como lo ha hecho el promovente puesto que, si incumple, corre el riesgo de que se dicte sentencia sumaria en su contra, si la misma procede en derecho. *León Torres v. Rivera Lebrón,* supra. A esos efectos,

deberá sustentar con evidencia sustancial los hechos materiales que entiende están en disputa. *Banco Popular de Puerto Rico v. Cable Media of Puerto Rico, Inc. y otro,* supra.

Por ello, en la oposición a una solicitud de sentencia sumaria, el promovido debe detallar aquellos hechos propuestos que pretende controvertir y, si así lo desea, someter hechos materiales adicionales que alega no están en disputa y que impiden que se dicte sentencia sumaria en su contra. *León Torres v. Rivera Lebrón,* supra. Claro está, para cada uno de estos supuestos, deberá hacer referencia a la prueba específica que sostiene su posición, según exigido por la antes citada Regla 36.3 de Procedimiento Civil. *Íd.* En otras palabras, la parte opositora tiene el peso de presentar evidencia sustancial que apoye los hechos materiales que alega están en disputa. *Íd.*

Cabe puntualizar que, a tenor de la normativa aplicable, si la parte promovida opta por no oponerse al petitorio sumario, conforme a las Reglas de Procedimiento Civil, *supra,* se arriesga a que el TPI dicte sentencia en su contra, **si procede en derecho**. Véase, Regla 36.3(c) de las Reglas de Procedimiento Civil, *supra; León Torres v. Rivera Lebrón,* supra. Entiéndase que, el mero hecho de que la parte promovida no presente una oposición o, de presentarla, no cumple con las formalidades de la Regla 36 de Procedimiento Civil de 2009, *supra,* ello no obliga al juzgador de los hechos a automáticamente disponer del asunto por la vía sumaria. *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 432 (2013). Lo antes está sujeto a la sana discreción del Tribunal. *Íd.,* págs. 432-433.

Al atender la solicitud, el Tribunal deberá asumir como ciertos los hechos no controvertidos que se encuentren sustentados por los documentos presentados por el promovente. *E.L.A. v. Cole,* 164 DPR 608, 626 (2005). Toda inferencia razonable que pueda surgir de los

hechos y de los documentos se debe interpretar en contra de quien solicita la sentencia sumaria, pues sólo procede si bajo ningún supuesto de hechos prevalece el promovido. *Íd.*, pág. 625. Además, al evaluar los méritos de una solicitud de sentencia sumaria, el juzgador debe actuar guiado por la prudencia y ser consciente en todo momento que su determinación puede conllevar el que se prive a una de las partes de su "día en corte", componente integral del debido proceso de ley. *León Torres v. Rivera Lebrón,* supra*,* pág. 44.

Sin embargo, la sentencia sumaria generalmente no procederá cuando existan controversias sobre hechos esenciales materiales, o si la controversia del caso está basada en elementos subjetivos como intención, propósitos mentales, negligencia o credibilidad. *Cruz Cruz y otra v. Casa Bella Corp. y otros,* 2024 TSPR 47, resuelto el 8 de mayo de 2024. Además, existen casos que no se deben resolver mediante sentencia sumaria porque resulta difícil reunir la verdad de los hechos mediante declaraciones juradas o deposiciones. *Jusino et als. v. Walgreens*, 155 DPR 560, 579 (2001). De igual modo, no es apropiado resolver por la vía sumaria "casos complejos o casos que involucren cuestiones de interés público". *Íd.*

El Tribunal Supremo de Puerto Rico ha discutido los criterios que este Tribunal de Apelaciones debe considerar al momento de revisar una sentencia dictada sumariamente por el foro de instancia. *Roldán Flores v. M. Cuebas et al.*, 199 DPR 664, 679-680 (2018); *Meléndez González et al. v. M. Cuebas*, supra, págs. 118-119. En particular, nuestro más Alto Foro señaló que:

> [...] el Tribunal de Apelaciones debe: (1) examinar *de novo* el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil, *supra*, y la jurisprudencia le exigen al foro primario; (2) revisar que tanto la Moción de Sentencia Sumaria como su oposición cumplan con los requisitos de forma codificados en la referida Regla 36; (3) revisar si en realidad existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, de exponer concretamente cuáles hechos materiales

encontró que están en controversia y cuáles están incontrovertidos, y (4) de encontrar que los hechos materiales realmente están incontrovertidos, debe proceder a revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia. *Roldán Flores v. M. Cuebas et al.,* supra, pág. 679.

Conforme a lo anterior, los foros apelativos nos encontramos en la misma posición que el Tribunal de Primera Instancia y utilizamos los mismos criterios para evaluar la procedencia de una sentencia sumaria. *Banco Popular de Puerto Rico v. Cable Media of Puerto Rico, Inc. y otro,* supra. Por ello, nuestra revisión es una *de novo*, y nuestro análisis debe regirse por las disposiciones de la Regla 36 de Procedimiento Civil, *supra*, y su jurisprudencia interpretativa. *González Santiago v. Baxter Healthcare*, 202 DPR 281, 291 (2019). De esta manera, si entendemos que los hechos materiales realmente están incontrovertidos, debemos revisar *de novo* si el foro primario aplicó correctamente el derecho. *Acevedo y otros v. Depto Hacienda y otros,* 212 DPR 335, 352 (2023).

**B. El concubinato y la comunidad de bienes**

El concubinato es la relación habida entre dos personas que actúan como si estuviesen casadas legalmente, sin estarlo, ante la ausencia de las formalidades de una unión matrimonial. *Torres Vélez v. Soto Hernández,* 189 DPR 972, 989-990 (2013). Cabe señalar que, el concubinato no genera una sociedad legal de gananciales, más bien, pudiese conllevar el surgimiento de una comunidad de bienes, lo cual no se presume, ni aplica de forma automática. *Íd.* La existencia de la comunidad de bienes le compete probarla a la parte que la plantea -a satisfacción del tribunal- y establecer la correspondiente aportación de bienes, valores y servicios. *Íd.* En particular, deberá evidenciar sus aportaciones mediante bienes, valores o servicios. *Íd.* Lo antes, en la medida en que, el concubinato no crea un interés común en los bienes

adquiridos por los concubinos. *Cruz v. Sucn. Landrau Díaz,* 97 DPR 578, 584 (1969).

La comunidad de bienes existe cuando una cosa o un derecho pertenecen *proindiviso* a dos o más personas. Artículo 326 del entonces vigente Código Civil de Puerto Rico de 1930 (Código Civil),[9] 31 LPRA sec. 1271; *Matos Rivera v. Soler Ortiz,* 2024 TSPR 50, resuelto el 21 de mayo de 2024. En ausencia de un pacto en contrario, la comunidad de bienes se rige por el Código Civil. *Íd.* La distribución de las cargas y los beneficios de los copartícipes de la comunidad se presume en partes iguales mientras no se pruebe lo contrario. Artículo 327 del Código Civil, 31 LPRA sec. 1272. En cuyo caso, y debido a que los derechos y obligaciones de los comuneros son proporcionales a sus respectivas cuotas, le corresponde a cada comunero demostrar su participación. *Íd.*

Por virtud del Artículo 334 del Código Civil, 31 LPRA sec. 1279, ningún comunero está obligado a permanecer en la comunidad. Por tanto, tiene derecho a solicitar -en cualquier momento- la división de la cosa común, salvo que, resulte inservible para el uso al cual se destina. Artículo 335 del Código Civil, 31 LPRA sec. 1280.

En *Domínguez Maldonado v. E.L.A.*, 137 DPR 954, 967 (1995), el Tribunal Supremo reconoció el interés propietario de los concubinos sobre los bienes adquiridos durante su relación o los que hayan incrementado de valor en ese periodo. Lo antes, luego de probar el esfuerzo, la labor y el trabajo aportados de manera conjunta bajo cualquiera de los siguientes escenarios: (1) pacto expreso; (2) pacto implícito producto de la relación humana y económica que existió entre las partes durante el concubinato; (3) como un acto justiciero para evitar el enriquecimiento injusto. *Íd.*

---

[9] Cabe señalar que, el hoy derogado Código Civil de Puerto Rico de 1930, *supra,* es el aplicable a la presente causa.

En ausencia de un pacto expreso o implícito, la parte que reclama un interés propietario tiene que demostrar que aportó esfuerzo y trabajo para producir o aumentar el capital objeto de la reclamación. *Íd.*; *Caraballo Ramírez v. Acosta*, 104 DPR 474, 476 (1975).

### III.

En su recurso, la apelante argumenta que, el foro primario incidió al desestimar su causa de acción, a pesar de ella haber demostrado que contribuyó con su esfuerzo, trabajo, cooperación común y aportaciones económicas para el establecimiento del negocio Scuderia Chamuko Paint Shop. Añade que, le corresponde una participación en las cuentas números 633346813 y 307251791 con el Banco Popular de Puerto Rico, en las cuales se depositaban las ventas del referido negocio. Expresa que, existe una comunidad de bienes con respecto a los siguientes bienes muebles adquiridos durante la relación entre las partes: nevera, juego de sala, mueble del televisor y lavadora. Además, discute que, debido a que el apelado falló en demostrar lo contrario, se presumen iguales las participaciones en los bienes comunes.

Agrega a lo antes que, el foro primario debió dar por admitidos los hechos que propuso en su petitorio sumario y dar por no puesta la oposición del apelado, toda vez que, este incumplió con las formalidades que dispone la Regla 36.3(b) de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(b).

Por su parte, el apelado expone que logró demostrar que entre las partes no se creó una comunidad de bienes. Sostiene que, en todo momento entre las partes hubo una total división de ingresos y gastos. Afirma que, de la propia evidencia que presenta la apelante junto a su petitorio sumario surge que, el esfuerzo que esta dedicó al negocio Scuderia Chamuko Paint Shop fue, en contadas ocasiones, y limitado a asuntos de planillas. Sustentado en lo anterior, expresa que procede confirmar el dictamen del TPI.

Como anteriormente expusimos, al evaluar la determinación del foro primario, en virtud del deber que nos impone *Meléndez González et al. v. M. Cuebas,* supra, revisamos *de novo* la *Moción en solicitud de sentencia sumaria parcial* que instó la apelante, la oposición del apelado y su petitorio sumario parcial en cuanto a las alegaciones de la reconvención, junto a sus correspondientes anejos. Lo anterior, con el propósito de evaluar si el TPI actuó correctamente al desestimar sumariamente la causa de epígrafe a favor del apelado.

Es importante destacar que, al revisar un petitorio sumario, los foros apelativos estamos en igual posición que el foro sentenciador. Examinamos, en primera instancia, si las partes observaron las formalidades de la Regla 36 de Procedimiento Civil, *supra.* Constatamos del correspondiente análisis que, ambas partes dieron cumplimiento a los requisitos de forma que establece la referida regla procesal. Si bien es cierto que el apelado no consignó los hechos en controversia, según los expuso y los enumeró la apelante en su petitorio, su inobservancia no fue sustancial debido a que en efecto cumplió las formalidades en cuanto a los hechos incontrovertidos e identificó la prueba en la cual sustentó sus objeciones. A tenor de lo resuelto en *SLG Zapata-Rivera v. J.F. Montalvo,* supra, ello no implica que debamos adjudicar automáticamente el petitorio sumario a favor de la apelante.

Superado lo anterior, y tras realizar un estudio sosegado *de novo* de los respectivos petitorios sumarios junto a los correspondientes anejos, dictaminamos que, en ausencia de controversias medulares, el foro primario no incidió al resolver la causa sumariamente a favor del apelado. De otra parte, tras examinar *de novo* el petitorio sumario del apelado y la réplica de la apelante observamos que, esencialmente, el apelado fundamentó su petitorio en lo alegado en la reconvención, sin consignar propuestas de hechos adicionales ni añadir prueba, por lo cual, se justificó la

desestimación sumaria de la reconvención. De lo antes colegimos que, el TPI no incurrió en error manifiesto al aplicar el Derecho, en ausencia de controversias medulares. Nos explicamos.

No surge del expediente ante esta Curia que la apelante acreditara que, durante la relación concubinaria, se constituyó entre ellos una comunidad de bienes, por pacto expreso o implícito. Tampoco la apelante presentó prueba sobre los actos que ejecutaron las partes que sugirieran que ellos favorecían someterse a una comunidad de bienes o que la relación humana y económica entre ellos reflejaba su voluntad de someterse a dicho régimen. Más bien, la prueba que la apelante aportó junto a su petitorio sumario lo que confirma es la intención de las partes de no fusionar su capital. Para una mejor comprensión de nuestro análisis, citamos textualmente el contenido de dos acuerdos otorgados entre las partes:

Contrato Personal

21 de octubre de 2016

Yo, Jesús Lorenzo Ramos Alicea, recibí de Yashira Marie Torres Rodríguez la cantidad de $5,000.00. La cantidad del dinero fue depositada en la cuenta del negocio Scuderia Chamuko. El dinero fue adquirido por un préstamo en carácter personal del Dr. Ángel R. González Pujols. El préstamo otorgado no tendrá intereses. El préstamo será utilizado para materiales y equipo de mi negocio Scuderia Chamuko. Me comprometo a pagar el dinero recibido. El saldo del préstamo no puede exceder un (1) año, a menos que se determine lo contrario entre las partes y conste por escrito.

Hago constar que la información descrita en esta certificación es real y verdadera.

Atentamente,
[firmado por]

Jesús Lorenzo Ramos Alicea          Yashira Marie Torres Rodríguez
Deudor                                          Acreedora
#Lic de conducir:  4668737            #Lic de conducir: 4766026[10]


Contrato Personal

1 de noviembre del 2016

Yo, Jesús Lorenzo Ramos Alicea, recibí de Yashira Marie Torres Rodríguez la cantidad de $10,000.00. La cantidad del dinero ha sido distribuida escalonadamente. El dinero fue

---

[10] Apéndice, pág. 292.

adquirido por la otorgación de un préstamo estudiantil "Graduate PLUS Loans" a nombre de Yashira Marie Torres Rodríguez. El interés del préstamo es de 6.840%. El préstamo será utilizado para materiales y equipo de mi negocio Scuderia Chamuko. Me comprometo a pagar el dinero recibido con los intereses que pueda devengar el préstamo. El saldo del préstamo no puede exceder un (1) año, a menos que se determine lo contrario entre las partes y conste por escrito.

A continuación, se desglosan los "fees", pagos, depósitos o transferencias realizadas por la acreedora al deudor.[11]

Hago constar que la información descrita en esta certificación es real y verdadera.

Atentamente,
[firmado por]

Jesús Lorenzo Ramos Alicea          Yashira Marie Torres Rodríguez
Deudor                                         Acreedora
#Lic de conducir: 4668737          #Lic de conducir: 4766026[12]

Análogamente, constatamos de unas comunicaciones entre las partes, a través de la red social de mensajería *WhatsApp,* su voluntad de mantener sus finanzas separadas. A modo de ejemplo surge que, el 21 de agosto de 2018, la apelante reclamó al apelado el pago de $240.23, de los cuales $127.23 son por concepto de plan médico, cuantía que, en esa misma fecha, el apelado sufragó.[13] Más adelante, el 20 de diciembre de 2018, la apelante le escribió al apelado "[m]e debes $627.45 (compu + costco + sams + amigo secreto + plan médico)".[14] Posteriormente, el 30 de diciembre de 2018, la apelante consignó "[p]ásame los $ de tu compra" y, a preguntas del apelado, respondió "204.37".[15] Añádase a lo antes que, el 5 de marzo de 2019, la apelante expuso "Baby acuérdate enviarme los $ del colegio y directv $274".[16]

Surge claramente de los referidos acuerdos y de las comunicaciones entre las partes a través de *WhatsApp*, el deseo

---

[11] Advertimos que, aunque no incorporamos la tabla en nuestra *Sentencia,* como parte del acuerdo, las partes incluyeron una tabla que desglosa, de forma detallada, veintiséis (26) transferencias de fondos realizadas entre ellos, desde el 10 de junio hasta el 1 de noviembre de 2016, las cuantías correspondientes y el propósito de cada una. Apéndice, págs. 293-294.
[12] Apéndice, págs. 293-294. (Énfasis suprimido.)
[13] Apéndice, pág. 204.
[14] Apéndice, pág. 210.
[15] Apéndice, pág. 211.
[16] Apéndice, pág. 212.

expreso e inequívoco de ambos de mantener una total división de sus respectivos ingresos y gastos, así como, los del negocio Scuderia Chamuko Paint Shop. Resulta evidente, además, la voluntad de las partes de asegurar una independencia profesional y económica.

Cabe puntualizar que, según se desprende del expediente, las aportaciones económicas de la apelante al negocio fueron en calidad de préstamo. Con respecto a las alegadas aportaciones de la apelante mediante trabajo y esfuerzo, surge del expediente que, de forma incidental, brindó apoyo con las planillas del impuesto sobre ventas y uso (IVU) de Scuderia Chamuko Paint Shop, debido a que el negocio tenía un contable a cargo de esa gestión. También se desprende del expediente que, de forma incidental, la apelante ayudó en gestiones clericales y de limpieza. De manera que, no podemos colegir de lo antes que, con ello, las partes tuvieron la intención de establecer entre ellos una comunidad de bienes y derrotar su inequívoca voluntad de mantener una separación de sus bienes, según evidencian los contratos y las comunicaciones transcritas.

Ante la inhabilidad de la apelante de demostrar que se originó una comunidad de bienes entre las partes y debido a que una relación concubinaria no genera automáticamente una comunidad de bienes, ni tampoco la presume, le correspondía a la apelante demostrar que aportó bienes, valores y servicios que redundaron en un aumento del capital objeto de la reclamación. *Torres Vélez v. Soto Hernández,* supra. Incumplido lo anterior, y en ausencia de una comunidad de bienes pendiente de liquidación, el foro primario actuó correctamente al desestimar la presente causa por la vía sumaria. Sobre tales bases resolvemos que, los errores señalados no se cometieron.

**IV.**

Por todo lo anterior, confirmamos la *Sentencia Final* apelada.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones